## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**ROBERT RODRIGUEZ,**

     **Plaintiff,**

**vs.**                       **Case No. 1:24-cv-168-TKW-MAF**

**FRANK BISIGNANO,[1]**
**Commissioner of Social Security,**

     **Defendant.**
_____/

## REPORT AND RECOMMENDATION

This case is before the Court pursuant to 42 U.S.C. § 405(g) for review of the final determination of the Defendant, Commissioner of the Social Security Administration (Commissioner), denying the continuation of Plaintiff's Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act. Plaintiff received such benefits as a child. The Administrative Law Judge (ALJ) reviewed the medical evidence and determined that Plaintiff was not entitled to continue to receive such benefits under the rules for determining disability in adults once the Plaintiff attained the age of eighteen. After careful consideration of the record, for the reasons

---

[1] Martin J. O'Malley was the originally named Defendant as he was the Commissioner at the time of filing. Commissioner Bisignano is automatically substituted as Defendant pursuant to Rule 25(d).

stated below, the undersigned recommends that the decision of the Commissioner be **AFFIRMED**.

## I.    Procedural History

Plaintiff received SSI benefits based on a disability as a child, beginning on February 1, 2011. Tr. 10;[2] 42-43. On August 12, 2022, his eligibility for such benefits was redetermined based on the standards for determining disability in adults because he reached the age of eighteen on October 17, 2020. Tr. 73-76. Plaintiff's lack of disability was affirmed on reconsideration. Tr. 43-57; 67-71; 101-106. Plaintiff requested a hearing before an ALJ. Tr. 124-27. A telephonic hearing was scheduled for March 18, 2024, before ALJ Ken Terry. Plaintiff ultimately requested that he be permitted to attend the hearing by telephone. Tr. 184-85. The hearing was properly noticed (Tr. 190-99), but Plaintiff failed to attend the hearing and was ordered to show cause for his non-attendance. Tr. 200-204. Plaintiff responded that the death of a family friend in March 2024 and the death of a family member on January 9, 2024, were "too devastating." Tr. 206. ALJ Terry did not find cause for the non-attendance because Plaintiff did not state why he was unable to contact his representative or the ALJ to request a

---

[2] References to the record, ECF No. 5, will be to "Tr." followed by the page number.

continuance if he was mentally unable to attend. Tr. 10. Plaintiff was deemed to have constructively waived his right to appear at the hearing. Id. The hearing proceeded without Plaintiff by teleconference on March 18, 2024 before ALJ Terry. Tr. 32-41. Plaintiff's counsel, Pamela Collins Dunmore, appeared, and Heidi Feder, an impartial vocational expert (VE), appeared and testified. Tr. 38-40; see also Tr. 249-50 (VE resume). ALJ Terry issued an unfavorable decision on May 14, 2024 (Tr. 10-18). The Appeals Council denied review. Tr. 1-6.

Through counsel, Plaintiff filed his complaint with this Court on September 30, 2024. ECF No. 1. Plaintiff filed a Memorandum in Support of the Complaint on January 21, 2025. ECF No. 9. The Commissioner filed a responsive memorandum in support of the Commissioner's position on February 20, 2025. ECF No. 10. This matter is ripe for review.

## II.   Issue Presented

Plaintiff's Complaint and Memorandum present the following issue for review:

> Whether the ALJ committed an error by failing to properly assess Dr. Sherwood's opinion regarding Plaintiff's ability to understand, remember, or apply information as required by the Psychiatric Review Technique.

ECF No. 9, pp. 1; 3. As this is the only issue presented, the Court will limit its review of ALJ Terry's opinion and record to this matter.

Case No.: 1:24-cv-168-TKW-MAF

## III.   Legal Standards Guiding Judicial Review

Review of the Commissioner's decision is limited. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1986). This Court must affirm the decision if it is supported by substantial evidence in the record and premised upon correct legal principles. 42 U.S.C. § 405(g); Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002); Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, 703 F.2d at 1239; accord Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).[3]

The Court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner, Bloodsworth, 703 F.2d at 1239, although the Court must scrutinize the entire record, consider evidence detracting from the evidence on which the Commissioner relied,

---

[3] "If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it." Phillips v. Barnhart, 357 F.3d 1232, 1240, n.8 (11th Cir. 2004) (citations omitted). "A 'substantial evidence' standard, however, does not permit a court to uphold the Secretary's decision by referring only to those parts of the record which support the ALJ. "Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'" Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981) (citations omitted).

and determine the reasonableness of the factual findings. <u>Lowery v. Sullivan</u>, 979 F.2d 835, 837 (11th Cir. 1992). Review is deferential, but the reviewing court conducts "an independent review of the record." <u>Flynn v. Heckler</u>, 768 F.2d 1273, 1273 (11th Cir. 1985).

A disability is defined as a physical or mental impairment of such severity that the claimant is not only unable to do past relevant work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); <u>see</u> 20 CFR § 404.1509 (duration requirement); <u>Barnhart v. Walton</u>, 535 U.S. 212, 223-24 (2002).

The Commissioner analyzes a disability claim in five steps, pursuant to 20 CFR § 404.1520(a)(4)(i)-(v):

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairments?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 CFR Part 404, Subpart P?

4.      Does the individual have the residual functional capacity (RFC) to perform work despite limitations and are there any impairments which prevent past relevant work?[4]

5.      Do the individual's impairments prevent other work?

A positive finding at step one or a negative finding at step two results in disapproval of the application for benefits. A positive finding at step three results in approval of the application for benefits. At step four, the claimant bears the burden of establishing a severe impairment that precludes the performance of past relevant work. Consideration is given to the assessment of the claimant's RFC and the claimant's past relevant work. If the claimant can still do past relevant work, there will be a finding that the claimant is not

---

[4] A RFC is the most a claimant can still do despite his or her limitations. 20 CFR § 404.1545(a)(1). It is an assessment based upon all of the relevant evidence including the claimant's description of his limitations, observations by treating and examining physicians or other persons, and medical records. Id. The responsibility for determining claimant's RFC lies with the ALJ. 20 CFR § 404.1546(c); see Social Security Ruling (SSR) 96-5p, 1996 SSR LEXIS 2, at *12 (July 2, 1996) ("The term '*residual functional capacity assessment*' describes an adjudicator's finding about the ability of an individual to perform work-related activities. The assessment is based upon consideration of all relevant evidence in the case record, including medical evidence and relevant nonmedical evidence, such as observations of lay witnesses of an individual's apparent symptomatology, an individual's own statement of what he is able or unable to do, and many other factors that could help the adjudicator determine the most reasonable findings in light of all the evidence."). The Court will apply the SSR in effect when the ALJ rendered her decision. See generally, Bagliere v. Colvin, No. 1:16-CV-109, 2017 U.S. Dist. LEXIS 8779, at *10-18, (M.D. N.C. Jan. 23, 2017), *adopted*, 2017 U.S. Dist. LEXIS 51917 (M.D. N.C. Feb. 23, 2017).

disabled. If the claimant satisfies this burden of demonstrating he cannot do prior work, the burden shifts to the Commissioner at step five to establish that despite the claimant's impairments, the claimant is able to perform other work in the national economy in light of the claimant's RFC, age, education, and work experience. Phillips v. Barnhart, 357 F.3d 1232, 1237-39 (11th Cir. 2004) (citing 20 CFR § 404.1520(a)(4)(v), (e) & (g)). If the Commissioner carries this burden, the claimant must prove that he cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).

Plaintiff bears the ultimate burden of proving that he is disabled, and consequently, is responsible for producing evidence in support of his claim. See 20 CFR § 404.1512(a); Moore, 405 F.3d at 1211. As the finder of fact, pursuant to 20 CFR §§ 404.1502(a) and 404.1513(a)(2), the ALJ considers medical opinions from licensed physicians and psychologists and acceptable medical sources. The ALJ is charged with the duty to evaluate all the medical opinions of record and resolve conflicts that might appear. 20 CFR § 404.1527.

At steps two and three, the ALJ is required to identify Plaintiff's specific mental limitations in accordance with the psychiatric review technique. Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011). As

part of that technique, the ALJ would consider Plaintiff's limitations in four general areas: understanding, remembering or applying information; interacting with others; concentrating, persisting or maintaining pace; and, adapting or managing oneself. See 20 CFR § 416.920a(c)(3); 20 CFR pt. 404, subpt. P app. 1. Those limitations would be evaluated and determined to be "none," "mild," "moderate," "marked" or "extreme." Only if Plaintiff suffers from two "marked" or one "extreme" limitation would he be considered disabled.

Pursuant to the revised regulations applicable to claims filed on or after March 27, 2017, an ALJ will not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 CFR § 416.920c(a) (2017). The removal of the treating source rule is intended to "eliminate confusion about a hierarchy of medical sources and instead focus adjudication" on the evidence, as well as ensure that courts are not reweighing the evidence under the substantial evidence standard of review, which is intended to be a highly deferential standard. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017). The Eleventh Circuit has recognized that the "new regulatory scheme no longer requires the ALJ to either assign more

weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion." Matos v. Comm'r of Soc. Sec., No. 21-11764, 2022 WL 97144, at *4 (11th Cir. Jan. 10, 2022).

The ALJ must now determine the persuasiveness of medical opinions by considering supportability, consistency, treatment relationship, specialization, and other factors. 20 CFR § 416.920c(c)(1)-(c)(5) (2017). Because supportability and consistency are the "most important" factors, the ALJ must articulate how these factors were considered for a medical source's opinions or prior administrative medical findings, but an ALJ is not required to articulate how the remaining factors were considered unless there are equally persuasive medical opinions or prior administrative medical findings as explained in 20 CFR § 416.920c(b)(2)-(b)(3). The ALJ will consider one or more medical opinions or prior administrative medical findings from the same medical source together using the above factors; and the ALJ is not required to articulate how he or she considered each opinion or finding. 20 CFR § 416.920c(b)(1) (2017).

The Commissioner's regulations do not require the ALJ to use any "magic language" or follow a particular formula when addressing the supportability and consistency factors. See 20 CFR § 416.920c(b)(2);

Thaxton v. Kijakazi, No. 1:20-cv-00616-SRW, 2022 WL 983156, at *8 (M.D. Ala. Mar. 30, 2022) ("[T]he ALJ need not use any magic words in discussing whether a medical opinion is supported by evidence from the medical source himself and whether the opinion is consistent with other evidence of record.") (internal citations omitted). Accordingly, the ALJ does not have to address the supportability and consistency factors through separate analyses as long as the analysis addresses the substance of both factors. See Alvarez v. Comm'r of Soc. Sec., No. 20-cv-24711-Bloom/Otazo-Reyes, 2022 WL 2092886, at *2 (S.D. Fla. June 10, 2022) (finding that the ALJ's simultaneous consideration of supportability and consistency factors was not improper) (citing, inter alia, Thaxton, 2022 WL 983156, at *8); Rivera v. Kijakazi, No. 6:21-cv-93-AAS, 2022 WL 2965883, at *4 (M.D. Fla. July 27, 2022) ("The articulation requirement is met so long as the evaluation addresses the substance of the factors, regardless of the specific language used in the evaluation.") (citing Cook v. Comm'r of Soc. Sec., No. 6:20-cv-1197-RBD-DCI, 2021 WL 1565832, at *5 (M.D. Fla. Apr. 6, 2021)).

## IV. ALJ Terry's Findings

Relying on Section 1614(a)(3)(H) of the Social Security Act, ALJ Terry properly summarizes the issue presented here. Individuals who are eligible for SSI benefits as a child (under the age of eighteen) must have their

disability redetermined under the rules applicable to adults upon reaching the age of majority. Tr. 11. Section 1614(a)(3)(H) confirms that the medical improvement review standard in section 1614(a)(4) does not apply to such redeterminations; instead, the definition of disability used for adults who are applying new applications for SSI based on disability must be applied. Id.

In his order, ALJ Terry properly articulated and followed the five-step sequential evaluation process for determining disability. See 20 CFR § 416.920(a). In doing so, ALJ Terry made the following findings (denoted in bold):

**1.    The claimant attained age of 18 on October 17, 2020, and was eligible for supplemental income benefits as a child for the month preceding the month in which he attained age 18. The claimant was notified that he was found no longer disabled as of August 11, 2022, based on a redetermination of disability under the rules for adults who file new applications.**

This finding is not in dispute.

**2.    Since August 11, 2012, the claimant has had the following severe impairments: bipolar disorder, attention deficit hyperactivity disorder [ADHD] and oppositional defiant disorder [ODD]. (20 CFR 1520).**

This finding is not in dispute.

ALJ Terry confirmed that the above determinable impairments significantly limit the ability to perform basic work activities as required by SSR 85-28. Tr. 12. ALJ Terry also confirmed that Plaintiff has other non-

severe impairments (PTSD and borderline intellectual functioning disorder), but he concluded that those disorders only minimally limited his ability to perform basic mental work-related activities. Id.

**3.      Since August 11, 2022, the claimant did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).**

This finding is in dispute.

ALJ Terry confirmed that Plaintiff's physical impairments – both singly and in combination – do not meet or medically equal the criteria of any listed impairment. ALJ Terry found that this conclusion was supported by the findings of the State agency medical consultants, who reviewed the medical record and concluded Plaintiff's physical impairments do not meet or equal a listed impairment. Tr. 45; 53.

ALJ Terry also concluded that Plaintiff's mental health impairments do not meet or equal the criteria for listings 12.04, 12.08 and 12.11. Tr. 13. In reaching that conclusion, ALJ Terry considered whether Plaintiff's mental impairments resulted in at least one "extreme" limitation (the "inability to function independently, appropriately, or effectively, and on a sustained basis"), or two "marked" limitations ("a seriously limited ability to function independently, appropriately, or effectively, and on a sustained basis"). Id. Ultimately, ALJ Terry concluded that Plaintiff's mental health conditions

resulted in no more than a "moderate" limitation. Tr. 13-14.

With respect to Plaintiff's understanding, remembering or applying information, ALJ Terry concluded that Plaintiff has a mild limitation. Tr. 13. Plaintiff's grandmother, Beverly Craig, reported that Plaintiff does not need special reminders regarding personal care or medications, and can count change. Tr. 295, 297. ALJ Terry also noted that during an August 2022 evaluation, Plaintiff's attention and concentration appeared mixed; he was unable to perform the serial three's task (subtracting 3 from a set number and continuing downward); he was able to spell "world" backward; he was able to repeat five digits forward and three digits backward, but was unable to repeat five digits backward; he had mixed mental calculation – he could subtract $7.50 from $18.00, could correctly identify that 7 quarters was equal to $1.75, but was unable to accurately calculate the difference between 35 and 17; he was able to follow instructions, had no difficulty repeating three words verbally, could recall what he ate for dinner the prior night, but could not recall the words five minutes later; his speech was fluid, at a normal rate and volume, and he had no apparent word finding or naming difficulties; he was able to assess the similarity between a piano and a trumpet. Tr. 478-81.

Regarding interacting with others, ALJ Terry concluded that Plaintiff has a mild limitation. Tr. 13. Ms. Craig reported that Plaintiff will socialize on

his phone and play basketball, but has problems getting along with others and is defiant with authority figures. Tr. 294 - 301. During his August 2022 evaluation he appeared anxious; his thought process appeared linear; and he demonstrated no evidence of psychotic thought process. Tr. 480.

Regarding concentrating, persisting or maintaining pace, ALJ Terry concluded that Plaintiff had a moderate limitation. Tr. 14. Ms. Craig reported that Plaintiff is not able to handle stress. Tr. 300. As noted above, during the August 2022 evaluation, Plaintiff's attention and concentration appeared mixed; he was unable to perform the serial three's task, but was able to spell "world" backwards; he was able to repeat five digits forward and three digits backward, but was unable to repeat five digits backward. Tr. 478-81.

As for adapting or managing oneself, ALJ Terry concluded that Plaintiff has moderate limitation. Tr. 14. Ms. Craig reported that Plaintiff has no problem managing his personal care and reported Plaintiff's daily activities included watching television, eating, and playing video games. Tr. 295; 297. During his August 2022 evaluation, Plaintiff's insight into his condition and his judgment appeared fair; he performs his activities of daily living unassisted – eating, bathing, dressing, grooming, toileting, and mobility. Tr. 478-81.

ALJ Terry also concluded that the evidence did not establish the "paragraph C" criteria: Plaintiff's mental disorder is not serious and persistent despite medical treatment, mental health therapy, psychosocial support, or a highly structured setting that is ongoing that diminishes the symptoms and signs of the Plaintiff's mental disorder and minimal capacity to adapt to changes in Plaintiff's environment that would satisfy the "paragraph C" criteria. Tr. 14.

**4. After careful consideration of the entire record, the undersigned finds that since August 11, 2022, the claimant has had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can perform work-related activities [at] all exertional levels with no limitations [regarding] the ability to lift, carry, push/pull, sit, stand, or walk; he has no postural, communicative, visual, or environmental limitations. Mentally, the claimant cannot perform complex tasks but can perform simple, routine tasks with concentration on those tasks for two hour periods with normal breaks and a lunch. He must avoid frequent changes in the work setting but has no other limitations.**

This finding is in dispute.

ALJ Terry contended that he considered all of Plaintiff's symptoms and the extent to which those symptoms are consistent with the objective medical and other evidence, as well as the medical opinions and prior administrative findings, in accordance with and based on the requirements of 20 CFR 416.929, SSR16-3p, and 20 CFR 416.920c. Tr. 15. In doing so, he followed a two-step process: first, determine whether there is an underlying medically

determinable physical or mental impairment that could reasonably be expected to produce the Plaintiff's symptoms; second, evaluate the intensity, persistence, and limiting effects of Plaintiff's symptoms to determine the extent to which they would limit Plaintiff's work-related activities. Id. ALJ Terry concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. Id. However, he also concluded that Plaintiff's statements regarding the intensity, persistence, and limiting effects of those symptoms were not consistent with the medical and other evidence of record. Id.

ALJ Terry believed that Plaintiff had the capacity to work. His bipolar disorder, ADHD, and ODD did not preclude Plaintiff from all work activity. Id. According to ALJ Terry, the record as a whole was limited: Plaintiff's clinical evaluations, mental status evaluations, and course of treatment were not impressive. The only relevant psychological evaluation was that of Randall Sherwood, Psy.D. Id. Plaintiff reported ADHD, PTSD, and that he heard voices; but his mental status reflected no more than moderate functional limitations. Plaintiff had the ability to respond to questions and tasks of the evaluation and was adequately cooperative with the evaluation, requiring only mild encouragement. His thinking appeared linear and coherent, and he denied any present suicidal or homicidal thoughts, plan or intent. Tr. 16. He

denied present or previous hallucinations or delusions, there was no evidence of any unusual or pathological thought, nor any indication he was responding to internal stimuli. Id. His attention and concentration appeared mixed during his mental status exam and his performance on the various mental calculation tests was mixed. Id. Dr. Sherwood offered the Plaintiff a diagnosis of PTSD and ADHD. Tr. 480

Plaintiff's course of treatment was limited, and there was no record of any recent psychiatric treatment, use of psychotropic medications, or psychiatric hospitalization. Tr. 16. Plaintiff did not report any physical impairments preventing him from work. Tr. 305. Plaintiff even reported he was pursuing his GED at Santa Fe College.

With respect to medical opinions and prior medical findings, ALJ Terry did not defer or give any specific evidentiary weight to those findings or opinions, though he noted that he did consider them in reaching his decision. Tr. 16. The state agency consultants – Janet Anguas-Keiter, Psy.D. and Judith E. Wyers, Psy.D. – both determined that Plaintiff had no more than mild limitations in his ability to understand, remember, apply information and interact with others; they only found moderate limitations in his ability to concentrate, persist, maintain pace, and adapt and manage oneself. Despite these limitations, the consultants agreed Plaintiff had the capacity for simple,

routine tasks. Tr. 43-57; 59-66. ALJ Terry found that these consultants' opinions were consistent with the record. Tr. 16.

He also found that Dr. Sherwood's observations were consistent with the record. Plaintiff showed no impairment in his ability to understand and carry out simple instructions and tasks, but was mildly impaired as those instructions and tasks became more complex. Id. He was also mildly limited in his ability to attend to and concentrate on work situations, but had no impairment in his ability to interact effectively with supervisors, co-workers and the public. Id. He was moderately impaired in adapting to changes in his work environment, in his pace, his persistence of tasks, and his ability to perform activities within a schedule, including maintaining regular attendance. Tr. 477-82. Dr. Sherwood's opinion that Plaintiff had no more than moderate limitations in the paragraph B criteria, and that he was capable of the work outlined in the RFC, was supported by the evidence. Tr. 17. Plaintiff may have been anxious during the evaluation and had mixed concentration, but his thought processes appeared linear, he demonstrated no psychotic thought process, could follow instructions and demonstrated good recall. ALJ Terry found Dr. Sherwood's findings to be persuasive. Id.

As a result, ALJ Terry found that Plaintiff had the RFC noted above as supported by the medical evidence of record.

**5.    The claimant has no past relevant work (20 CFR 416.965).**

This finding is not in dispute.

**6.    The claimant was born on October 18, 2002, and is a younger individual age 18-49 (20 CFR 416.963).**

This finding is not in dispute. Plaintiff is currently 22 years old.

**7.    The claimant has a limited education. (20 CFR 416.964).**

This finding is not in dispute.

**8.    Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).**

This finding is not in dispute.

**9.    Since August 11, 2022, considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).**

This finding is in dispute.

ALJ Terry recognized that Plaintiff's ability to perform all work at all exertional levels had been compromised by nonexertional limitations. Tr. 17. To determine the extent to which these limitations eroded Plaintiff's ability to work, ALJ Terry asked the VE whether jobs existed in the national economy that Plaintiff could still perform given his age, education, work experience, and RFC. The VE testified that Plaintiff was able to perform each of the following jobs (Tr. 18; 38-39):

| Job Title | DOT No. | Skill Level | Exertional Level | Jobs Nationally |
|-----------|---------|-------------|------------------|-----------------|
| Kitchen Helper | 318.687-010 | SVP2 | Medium | 120,000 |
| Bagger | 920.687-014 | SVP2 | Medium | 91,000 |
| Floor Waxer | 381.687-034 | SVP2 | Medium | 117,000 |

The VE noted that his responses were consistent with the Dictionary of Occupational Titles (DOT). Tr. 18; 39. ALJ Terry determined that Plaintiff could make a successful adjustment to other work that exists in significant numbers in the national economy, so he is not disabled under the framework of section 204.00 of the Medical-Vocational Guidelines. Tr. 18.

**10.    The claimant's disability ended on August 11, 2022, and the claimant has not become disabled again since that date (20 CFR 416.987(c) and 416.920(g)).**

This finding is in dispute.

ALJ Terry concluded, based on the application for a period of disability and disability insurance benefits protectively filed on June 30, 2020, Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act through December 31, 2021, the date last insured. Id.

## V.    Plaintiff's Claims

### The ALJ Failed to Properly Assess Dr. Sherwood's Opinion Regarding Plaintiff's Ability to Understand, Remember, or Apply Information as Required by the Psychiatric Review Technique

According to Plaintiff, ALJ Terry failed to properly assess Plaintiff's ability to understand, remember, or apply information. ECF No. 9, p. 3. Plaintiff contends that ALJ Terry failed to give proper weight to the opinion of Dr. Sherwood, as required by the psychiatric review technique under 20 CFR § 416.920(a).

According to Plaintiff, ALJ Terry's finding that Plaintiff only had a mild limitation with respect to his ability to understand, remember, or apply information was inconsistent with Dr. Sherwood's mental status exam finding that "[Plaintiff's] Fund of knowledge and Remote Memory" was "poor" and "he was unable to adequately answer questions related to this task." Tr. 480; ECF No. 9, p. 6. Plaintiff contends that ALJ Terry was required to specifically differentiate the weight given to each medical opinion and state the reasons for accepting or rejecting such opinion. Id. According to Plaintiff, while ALJ Terry found Dr. Sherwood's opinion to be persuasive and supported by the record (Tr. 17), he failed to give proper weight to Dr. Sherwood's final opinion that because Plaintiff has "impaired concentration and immediate memory" and has "apparent difficulty with mental calculation," he may need

Case No.: 1:24-cv-168-TKW-MAF

"assistance in managing his funds toward his own best interest." Tr. 481. Plaintiff contends that Dr. Sherwood ultimately concluded that Plaintiff had a "poor ability to understand, remember or apply information," and ALJ Terry failed to address these shortcomings. ECF No. 9, p. 7.

## VI. Commissioner's Response

### Substantial Evidence Supports the Commissioner's Decision that Plaintiff was not Disabled

The Commissioner contends that ALJ Terry applied the appropriate regulations: those that went into effect in March 2017 when the "treating physician" rule was rejected. There is no longer a requirement that a treating source receive deference or any other specific evidentiary weight. ECF No. 10, p. 7. Beginning with claims filed after March 27, 2017, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." ECF No. 10, p. 7 (citing 20 CFR § 416.920(a)). The ALJ is now required to consider the factors of supportability and consistency in determining the persuasiveness of a medical opinion or administrative finding. Id.

With respect to Dr. Sherwood's opinion, the Commissioner contends that ALJ Terry properly considered the opinion, considered it persuasive, and incorporated those findings to support his RFC findings. Id. at 8-9. In his

status report, Dr. Sherwood concluded that Plaintiff had mild limitation in understanding, remembering, and applying; mild limitation in interacting with others; moderate limitation in concentration, persistence, and maintaining pace; and moderate limitation in adapting and managing oneself. Tr. 13-14, 480. Those findings were incorporated by ALJ Terry into his RFC – Plaintiff could not perform complex tasks, but could perform simple, routine tasks; he could concentrate on such tasks for two-hour periods, excluding normal breaks and lunch; and should be permitted to avoid frequent changes in work setting. Tr. 14-15. According to the Commissioner, ALJ Terry considered and applied the limitations raised by Dr. Sherwood. ECF No. 10, p. 9-10.

The Commissioner argues Plaintiff's main contention – that ALJ Terry failed to consider or apply Dr. Sherwood's opinion that Plaintiff had a "poor ability" to understand, remember, or apply information – is not supported by the record. There are no such criteria under paragraph B. Limitations are instead characterized as "none," "mild," "moderate," "marked," or "extreme." More importantly, even though Dr. Sherwood may have stated that Plaintiff's "[f]und of Knowledge and Remote Memory" was "[p]oor" he also noted that Plaintiff had "no impairment in the ability to understand and carry out simple instructions and tasks." Tr. 480. ALJ Terry properly considered and applied Dr. Sherwood's conclusions, even if he did not specifically discuss each of

the notations or statements contained in the report prepared by Dr. Sherwood. ECF No. 10, p.11, citing Cunningham v. Comm'r of Soc. Sec., No. 2:20-cv-913-SPC-NPM, 2022 WL 1085548, at *5 (M.D. Fla. Feb. 9, 2022) (ALJ not required to address every limitation identified by a medical source). Therefore, according to the Commissioner, substantial evidence supports ALJ Terry's finding.

## VII.  Legal Analysis

### Substantial Evidence Supports ALJ Terry's
### Decision Regarding Plaintiff's RFC.

In this case, substantial evidence and proper legal analysis supports ALJ Terry's decision that Plaintiff was not disabled. The question is not whether this Court would reach a different decision on the same evidence, or whether the evidence here actually preponderates a different result, but, rather, whether there is sufficient evidence to confirm that substantial evidence supports ALJ Terry's decision. Phillips, 357 F.3d at 1240 n.8 ("[i]f the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it"); see also Viverette v. Comm'r of Soc. Sec., 13 F.4th 1309, 1314 (11th Cir. 2021). There is no doubt that ALJ Terry's decision is so supported. Even if this Court disagrees with ALJ Terry's resolution of the factual issues and would resolve those disputed factual issues differently, ALJ Terry's decision must be affirmed where, as

Case No.: 1:24-cv-168-TKW-MAF

here, it is supported by substantial evidence in the record as a whole. See

Baker o/b/o Baker v. Sullivan, 880 F.2d 319, 321 (11th Cir. 1989).

ALJ Terry was not required to attach any particular level of deference

to Dr. Sherwood's opinion. But even if he did, Dr. Sherwood's opinion was

completely consistent with the RFC conclusion. There were no Paragraph B

criteria that exceeded a moderate limitation. Dr. Sherwood's statement that

Plaintiff's "fund of knowledge" and "Remote memory" were "poor" and that

he was "unable to adequately answer questions related to this task" were

factors that were all considered by Dr. Sherwood in developing the rest of

his opinion. More importantly, a finding that some condition is "poor" would

not necessarily mean that Plaintiff suffers from a "marked" or "extreme"

limitation – which would have been required to find Plaintiff disabled.

Additionally, Plaintiff's ability to engage in activities of daily living is

persuasive evidence that Plaintiff's alleged symptoms resulting from physical

and/or mental impairments are not totally disabling. Ms. Craig, Plaintiff's

grandmother, reported that Plaintiff has no problem managing his personal

care, and reported Plaintiff's daily activities included watching television,

eating, and playing video games. Tr. 295; 297. During his August 2022

evaluation, Plaintiff's insight into his condition and his judgment appeared

fair; he performs his activities of daily living unassisted – eating, bathing,

dressing, grooming, toileting, and mobility. Tr. 478-81. It was also reported that Plaintiff intended to pursue his GED at a local state college, thus opening up the potential that his "fund of knowledge" would soon be growing.

All these factors support a finding that Plaintiff's symptoms are not disabling, and that his conditions were not so intense and chronic that work at all levels of activity would be precluded. As concluded by ALJ Terry, Plaintiff's alleged mental symptoms and conditions are not of a disabling degree. Tr. 14.

## VIII.  Conclusion

For the reasons stated above, considering the record as a whole, the findings of the ALJ are based upon substantial evidence and the ALJ correctly applied the law. Accordingly, the undersigned **RECOMMENDS** that the decision of the Commissioner that Plaintiff has not been disabled after August 11, 2022, and that Plaintiff has not become disabled since that date under the Social Security Act, should be **AFFIRMED.** The Clerk should be directed to close the file.

**DONE AND ORDERED** on August 26, 2025.

**s/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**